1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  JAY M. LICHTER, SBN 266960
   Jay.lichter@salisianlee.com
3  **SALISIAN | LEE LLP**
   444 South Flower Street, Suite 2320
4  Los Angeles, California  90071-2925
   Telephone:   (213) 622-9100
5  Facsimile:    (800) 622-9145

6  F. DANIEL WOOD, JR. *(Admitted Pro Hac Vice)*
   fdw@kullmanlaw.com
7  **THE KULLMAN FIRM**
   A Professional Law Corporation
8  600 University Park Place, Suite 340
   Birmingham, Alabama 35209
9  Telephone: (205) 871-5858
   Facsimile: (205) 871-5874
10
   SAMUEL ZURIK, III *(Admitted Pro Hac Vice)*
11 sz@kullmanlaw.com
   **THE KULLMAN FIRM**
12 A Professional Law Corporation
   1100 Poydras Street, Suite 1600
13 New Orleans, LA 70163
   Telephone: (504) 496-4191
14 Facsimile: (504) 596-4114

15
   Attorneys for Defendant
16 Computer Sciences Corporation

17
                    UNITED STATES DISTRICT COURT
18
            CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
19

20
21 PHILLIP CAULEY, an individual,            Case No.: CV 13-02246-MMM(FFMx)

22              Plaintiff,                    **[PROPOSED] PROTECTIVE
                                              ORDER FOR CONFIDENTIAL
23       vs.                                  TREATMENT OF DOCUMENTS OR
                                              INFORMATION**
24 COMPUTER SCIENCES
   CORPORATION, a Nevada
25 Corporation, and DOES 1 through 25,       Removed on:  March 28, 2013
   inclusive,
26
                Defendants.
27
28

1. "Confidential Records" as used herein, includes information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that has not previously been made public and/or is subject to efforts that are reasonable under the circumstances to maintain its secrecy, and is:

A) Confidential research, development, commercial, or proprietary information such that it qualifies for protection under Federal Rule of Civil Procedure 26(c)(1)(g), and which the designating party believes in good faith that if disclosed, will have the effect of causing harm to its competitive position;

B) Protected from disclosure by a public policy interest in protecting an individual's right to privacy, which if disclosed would have the effect of impinging upon a party's right to privacy or Defendant's employee's or former employee's right to privacy; and/or

C) Protected under the Uniform Trade Secrets Act, California Civil Code section 3426, *et. seq.*, in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.

As illustrative examples only, the parties anticipate that the following descriptive categories may be designated as Confidential Records under this Order, regardless of whether produced by a party or produced by non-parties pursuant to a

PROTECTIVE ORDER FOR CONFIDENTIAL
TREATMENT OF DOCUMENTS OR INFORMATION

subpoena or other discovery process or obtained on an informal basis: corporate documents; customer information; contracts; contract information; financial information; tax information; information regarding business plans, policies, processes or marketing, product or service information, pricing information, and any other documents, data or information belonging to Defendant that support a business plan, product, or service that Defendant sells to customers or obtains from suppliers, vendors, independent contractors or third parties; and personnel files, payroll records, employment records and medical records concerning Plaintiff or current or former employees of Defendant.

  2. Confidential Records may be designated as follows:

  A) By imprinting the word "Confidential" on each page of the document produced, in such a manner as will not interfere with the legibility thereof;

  B) With respect to electronically stored information that is not bates numbered, by imprinting the word "Confidential" on the compact disc (or other media) containing the material produced or by including the word "Confidential" in the file name;

  C) By imprinting the word "Confidential" next to or above any response to a discovery request; or

  D) With respect to transcribed testimony or deposition exhibits, by giving written notice to opposing counsel designating testimony or exhibits as "Confidential" no later than thirty calendar days after receipt of the final transcribed

testimony or by designating on the record at the deposition such portions as "Confidential." In order to permit time for such designation, all deposition testimony and deposition exhibits shall be treated as "Confidential" for thirty days after the date of the receipt of the final transcribed testimony.

3. The Confidential Records are to be considered confidential for purposes of this Order.

4. The Confidential Records may be used solely for the purpose of this litigation and for no other purpose.

5. The Confidential Records will be retained in the office of counsel and, in electronic form, in any Attorney of Record's computer, provided that any such computer requires a password to access such records, except that counsel may remove the documents from the office, or print any such document from their computer, for the following purposes:

    a. Examination by experts or witnesses in this case who will testify about information on the Confidential Records;

    b. For use at trial, hearing, or deposition;

    c. For use as exhibits to any motion or brief filed with the Court.

6. Copying of the Confidential Records will be strictly limited to:

    a. Copies used as exhibits attached to depositions, motions, or other court filings;

      b.      Necessary copies of the Confidential Records used as an exhibit at trial;

      c.      Any Confidential Record printed from an Attorney of Record's computer for use as described in paragraph 5, shall be destroyed within 24 hours of being used.

7.      The parties shall not disclose the contents of the Confidential Records. The parties shall allow individuals to view the Confidential Records only to the extent necessary to pursue the claims and defenses in this matter. Such individuals are limited to the Plaintiff, Defendant's designated representative(s), the parties' attorneys, members of the attorneys' firm involved in this litigation, stenographers, reporters, witnesses, and experts involved in this matter. All persons having access to the Confidential Records shall be advised that the Confidential Records are subject to a protective order and shall agree to be bound thereto.

8.      Plaintiff understands that he is personally bound by this Protective Order. Plaintiff shall not discuss the contents of the Confidential Records with anyone other than his attorney or an expert or accountant specifically retained by him to provide advice or testimony in this litigation. Likewise, Defendant understands that it is bound by this Agreement, the terms of which apply to any of its employees who are given access to any document designated as "Confidential" by Plaintiff. It further is understood and agreed, that no employees of Defendant shall discuss the contents of any documents designated as "Confidential" by

plaintiff with anyone other than its attorney(s) of record in this action, or an expert or accountant specifically retained by Defendant to provide advice or testimony in this action, or designated representatives of Defendant consistent with Paragraph 3 hereinabove.

9. Nothing contained in this Order shall prevent the use of the Confidential Records or any part thereof, at the trial, subject to the Court's approval, or at deposition with the following safeguards. If used at deposition, the deponent and the reporter will be informed of the protective order and be advised that pursuant to this protective order, he or she may not divulge any Confidential Records except as necessary in providing testimony or services in this litigation.

10. Any Party may challenge the designation of Confidential Records. A failure of a Party to challenge expressly a designation of Confidential Records shall not constitute a waiver of the right to assert at any subsequent time that the material designated does not constitute Confidential Records.

11. Any Party that disagrees with the designation of any information as Confidential Records may notify the opposing Party in writing of that opposition. The designating Party shall then have thirty (30) days from receipt of the notification to move the Court for an Order upholding the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the designating Party. The designated information shall be treated as Confidential Records until the Court rules on the designating Party's timely motion. If the

designating Party fails to move the Court in accordance with this Paragraph, or if the Court finds the designation of Confidential Records to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Records. The procedures specified hereunder are in addition to and not in lieu of compliance with the Local Rules regarding discovery motions.

12.   If documents or information subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the production of which should not be made to any Party, is inadvertently produced to such Party, the procedures of Fed. R. Civ. P. 26(b)(5)(b) shall apply.

13.   Failure to designate any information as Confidential pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within 60 days of discovery of its production. At such time, arrangements shall be made for the return of the information that should have been marked Confidential to the Producing Party to substitute properly labeled copies. The party failing to designate such information as Confidential Records must notify the receiving party in writing of such failure. The receiving party will take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or Party however, shall incur any liability hereunder with respect to any disclosure that occurred prior to receipt of written notice of a belated designation.

14. Nothing in this Order shall prevent a party from seeking an Order compelling production of Confidential Records, privileged documentation, or any other documentation under the Federal Rules of Civil Procedure.

15. Nothing in this Order shall be construed to affect the use of or admissibility of any document, material or information at any trial or hearing.

16. The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential Records are discoverable, but rather, is a mechanism by which Confidential Records that are disclosed is prevented from being used for any purpose outside this litigation by any party.

17. At the conclusion of the litigation or within 30 days after the parties' rights to appeal or further appeal expire, counsel for the party requesting return or destruction of Confidential Records shall notify opposing counsel in writing of such request. Opposing counsel shall either destroy or return all Confidential Records produced during the course of litigation, as well as any photocopies of the Confidential Records that counsel for the parties may have made, within 30 days of the request.

18. Any party may apply to the Court for a modification of this Order and nothing in this Order shall be deemed to prejudice their right to seek modification. The parties agree to make good faith efforts to comply with all terms of this Order.

19. Nothing in this Order should be construed as improperly limiting the rights of third parties involved in other actions to conduct discovery or to limit the

subpoena power of another court or administrative agency, absent motion for protective order in such other proceedings.

**IT IS SO ORDERED.**

DATED: October 22, 2013

/S/ FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE
HON. FREDERICK E. MUMM

**APPROVED AS TO FORM:**

/s/ James W. Johnston
JAMES W. JOHNSTON
Attorney at Law
3877 Twelfth Street
Riverside, CA 92501
Telephone: (213) 291-0648
Facsimile: (877) 571-0091

/s/ F. Daniel Wood Jr.
F. DANIEL WOOD JR.
*(Admitted Pro Hac Vice)*
**THE KULLMAN FIRM**
600 University Park Place, Suite 340
Birmingham, AL 35209
Telephone: (205) 871-5858
Facsimile: (205) 871-5874

SAMUEL ZURIK, III
*(Admitted Pro Hac Vice)*
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 496-4191
Facsimile: (504) 596-4114

COUNSEL FOR DEFENDANT

/s/ Kelly Y. Chen
KELLY Y. CHEN
1811 S. Del Mar Ave., Suite 213
San Gabriel, CA 91776
Telephone: (626) 381-9886
Facsimile: (626) 389-5455

COUNSEL FOR PLAINTIFF